OPINION OF THE COURT
On the 5th day of April, 2002, each of the above-styled cases came on as consolidated for hearing en banc upon the issue of whether employees of the Cherokee Nation must appeal their terminations to the Employee Appeals Board as a prerequisite to an Appeal to this Court. All of the former employees were employed by the Cherokee Nation for more than one (1) *79 year and all sought to invoke the original jurisdiction of this Court by direct appeal pursuant to Title XII of the Constitution of the Cherokee Nation. The Court FINDS that at the time of the termination of each Petitioner, the Nation’s Employee Appeal Board (hereinafter EAB) was a viable and functioning body and available to the Petitioners for redress of their grievances. Further, the provisions of the Employee Administrative Procedures Act (hereinafter EAPA) CNC § 1001, et seq, were in full force and effect. These Petitioners were “employees” as defined by the EAPA [1]. The Petitioner Chanate prevailed before the assigned Justice on the Respondent’s Motion to Dismiss for lack of jurisdiction for failure to exhaust administrative remedies. The Respondent Cherokee Nation prevailed on a similar motion in the case of Petitioner Benge and the ease was transferred to the EAB by the assigned Justice. The Motion to Dismiss for failure to exhaust administrative remedies of the Petitioner Bailey was heard and considered for the first time at the April 5th, 2002 hearing. Since there appears to be disagreement among the Justices on this important issue of jurisdiction, the Court has granted hearing en banc for reconsideration and final disposition of these pending motions. And, since the issue is one of jurisdiction and narrowly defined, no further statement of fact is necessary to resolve it.
The Constitution of the Cherokee Nation (1975), at Article XII, provides that an employee who has served at least one (1) year, shall not be removed from employment except for cause. The employee is guaranteed a hearing by the Judicial Appeals Tribunal under rules and procedures prescribed by the Council, following, as nearly as practicable, 1 he provisions of the Oklahoma Administrative Procedures Act. Accordingly, the Council has passed the EAPA patterned after the Oklahoma Act and has created the EAB to afford the employee an administrative hearing and ruling which may then be appealed to the Judicial Appeals Tribunal[2].
This Court FINDS the EAPA to be a reasonable exercise of the powers granted to the Council of the Nation pursuant to Article V, Section 7 of the Constitution of the Cherokee Nation. It creates a set of rules and procedures to regulate the process of review and appeal of employee terminations. Among other provisions, the Act establishes a time limit (5 days) for seeking review of termination by the Human Resources Director and a time limit (10) days for a written decision by the Director[3]; provision for and time limits for appeal to the Employee Appeals Board[4] the scheduling of a hearing by the Board within 30 days[5]; extensive provisions for notice and the conduct of the EAB hearing to assure due process[6]; and, the provision for appeal of the Board’s decision to the Judicial Appeals Tribunal[7].
Upon review, we find that the EAPA as enacted by the Council, taken as a whole, complies with the duty prescribed in Article XII of the Constitution and appeal to the EAB is a reasonable prerequisite to the taking of an appeal to this Court by an employee of the Cherokee Nation terminated for cause. Petitioner’s challenge to *80 the adequacy of the EAPA is premature inasmuch as jurisdiction does not lie at this time.
ACCORDINGLY, IT IS ORDERED that in JAT-01-02, Chanate VS. Cherokee Nation, upon reconsideration en banc, the Minute Order Filed herein on January 15,-2002, overruling the Respondent’s Motion to Dismiss, is hereby overruled set aside and the Respondent’s Motion to Dismiss is granted upon the grounds of this Court’s lack of jurisdiction because of the Petitioner’s failure to exhaust administrative remedies.
IT IS FURTHER ORDERED that in JAT 01-08, Bailey v. Cherokee Nation, the Respondent’s Motion to Dismiss is granted upon the grounds of this Court’s lack of jurisdiction because of the Petitioner’s failure to exhaust administrative remedies.
IT IS FURTHER ORDERED that in JAT-02-02, Benge v. Cherokee Nation, the Order remanding the matter to the EAB filed on February 28, 2002, is hereby AFFIRMED.
IT IS FURTHER ORDERED that due to inconsistency in past precedent in this Court, each of the Petitioners is granted the right to a fun hearing of their terminations before the Employee Appeals Board pursuant to the EAI'A and each is given twenty (20) days from the date of this Order to file the notice as required by § 1014 of the EAPA.

. Title 51 CNCA (LA 20-96), § 1004(4)

. LA 12-96, Cherokee Nation Employee Administrative Procedures Act.

. EAPA, §§ 1013(A) and (B)

. EAPA § 1014

. EAPA § J016

. EAPA §§ 1017-1024

. EAPA § 1025